CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 2 9 2007

JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

ROY STEVE DAVIS,　　　　　　　)
　　　　Petitioner,　　　　　　)　　Civil Action No. 7:07cv00550
　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　)　　**MEMORANDUM OPINION**
　　　　　　　　　　　　　　　　)
TERRY O'BRIEN,　　　　　　　　)　　By: Hon. Glen E. Conrad
　　　　Respondent.　　　　　　)　　**United States District Judge**

　　　　Petitioner Roy Steve Davis, Federal Register No. 16159-083, a federal inmate proceeding

pro se, filed this action in the United States District Court for the Eastern District of Virginia as a

petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Because petitioner is in federal

custody at United States Penitentiary Lee County ("USP Lee"), in Jonesville, Virginia, which is

located in this district, the Eastern District transferred this action here, where jurisdiction and venue

are appropriate. See 28 U.S.C. § 2241(d); 28 U.S.C. § 1391.

　　　　Petitioner presents three claims in his petition: (i) that he is improperly categorized in a high

security classification status[1]; (ii) that prison conditions at USP Lee are overcrowded and violent;

and (iii) that he has been provided inadequate medical care. For the reasons that follow, the petition

will be dismissed without prejudice to petitioner's right to raise these claims in a properly filed civil

rights complaint.

　　　　"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that

custody, and that the traditional function of the writ is to secure release from illegal custody."

Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Thus, a challenge related to the calculation of a

---

　　　　[1] Petitioner argues that his security classification status is inappropriate because he has served 75 percent
of his sentence and he is 53 years old. The Bureau of Prisons' Inmate Locator indicates that, as of this date,
petitioner is 52 years old. Petitioner states that he has been confined in federal custody since January 18, 1990,
and that his release date is 2011; however, the Inmate Locator indicates that his projected release date is April 25,
2014.

prisoner's sentence is properly brought under § 2241 because it affects the length of his or her confinement. Id. at 487. However, constitutional claims are clearly civil in nature and in and of themselves do not affect the length of petitioners' sentence. Therefore, these claims are not properly raised pursuant to 28 U.S.C. § 2241. Id. Instead, these constitutional claims should be raised by way of a civil rights complaint, pursuant to 42 U.S.C. § 1983 or Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and be subject to the $350 filing fee required for such cases, the requirement that an inmate plaintiff exhaust all available avenues of administrative review, and limitations on a prisoner's ability to file a civil rights complaint without complete prepayment of the filing fee if the prisoner has brought, on three or more occasions, an action or appeal in a federal court that was dismissed as frivolous, as malicious, or for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1914; 42 U.S.C. § 1997e(a); 28 U.S.C. §1915(g). Here, petitioner's claims, which relate to classification categories, prison conditions, and medical care, are civil claims that do not affect the fact or duration of his confinement. Thus, those claims are not properly raised pursuant to § 2241.[2]

For the foregoing reasons, petitioner's claims will be dismissed without prejudice to his right to raise these claims in a properly filed civil rights complaint. An appropriate order will be entered this day.

---

[2] The court notes that plaintiff has been advised at least three times of the impropriety of his attempts to bring civil rights actions under § 2241, and that a challenge to his security classification status does not present a habeas claim. See Davis v. Haynes, Civil Action No. 5:06cv111 (N.D. W.Va. October 3, 2006); Civil Action No. 1:07cv13 (N.D. W.Va. March 14, 2007, October 24, 2007). Upon a review of the United States Courts' electronic docketing system, the court further notes that petitioner has applied for habeas relief eighteen times prior to the filing of this action. In all, petitioner has filed, as of this date, thirty actions in federal courts while in custody; apparently fourteen of those petitions have been filed pursuant to § 2241.

2

The Clerk is directed to send a certified copies of this memorandum opinion and the accompanying order to petitioner.

**ENTER**: This _23rd_ day of November, 2007.

_Jack Conrad_

United States District Judge